UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LEONARD GONZALES,<br><br>    Petitioner,<br><br>    v.<br><br>FRESNO COUNTY COURT,<br><br>    Respondent. | Case No.: 1:16-cv-01194-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>30-DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

    The petition for writ of habeas corpus filed in this case does not demonstrate that the petitioner has exhausted the issues raised in it.  In addition, the petitioner has failed to name the person with day-to-day control over him.  Thus, the Court must dismiss the petition with leave to file a first amended petition.

**PROCEDURAL HISTORY**

A. <u>Procedural Grounds for Summary Dismissal.</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. Exhaustion of Remedies.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In this instance, the highest state court would be the California Supreme Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

According to the petition, Petitioner is in the custody of the Fresno County Jail on charges of failing to register as a sex offender after having had his parole from an earlier conviction revoked. (Doc. 1). Petitioner contends that the constitutional prohibition on double jeopardy has been violated because he has been tried and sentenced twice for stealing the same vehicle. (Doc. 1, p. 3).

Petitioner alleges that he attempted to seek relief in the Fresno County Superior Court; however, nowhere in his petition does Petitioner allege that he has presented his claims to the

California Supreme Court, nor has he provided any evidence, documentary or otherwise, to substantiate that he has already presented these claims to the state high court.  Without this information, the Court simply cannot proceed.  In his amended petition, **Petitioner must provide the specific information regarding what claims he has raised in the California Supreme Court, when those claims were denied, and provide copies of the state high court's orders denying those claims**. If Petitioner is unable to establish that he has already presented his claims to the California Supreme Court, the Court will have no alternative but to recommend that the petition be dismissed.

C. <u>Failure to Name A Proper Respondent</u>.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see also</u>, <u>Stanley</u>, 21 F.3d at 360.  However, the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  <u>Id</u>.

Petitioner has named as Respondent the "Fresno County Court."   However, the "Fresno County Court" is not the warden or chief officer of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner.  The petition alleges that Petitioner is presently confined at the Fresno County Jail, California.  The current director or warden of that facility is the person Petitioner should name as Respondent.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360;  <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976). **However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of the jail or county sheriff, whichever**

**may be applicable here**.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In any amended petition, Petitioner must name a proper respondent.

For the foregoing reasons, the instant petition in deficient.  Petitioner will be required to file an amended petition containing sufficient information for the Court to proceed with the case.  Accordingly, the Court **ORDERS**:

1. The instant petition for writ of habeas corpus is hereby **DISMISSED**.  Petitioner is granted 30 days from the date of service of this order to file a first amended petition that complies with this order;
2. The Clerk of the Court is **DIRECTED** to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

**Petitioner is advised that his failure to comply with this order may result in the Court dismissing the petition pursuant to Local Rule 110**.

IT IS SO ORDERED.

Dated:   **August 17, 2016**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

4