**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY LEONARD GONZALES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MARGARETTE MIMS,<br><br>　　　　　Respondent. | Case No.: 1:16-cv-01194-JLT (HC)<br><br>ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE REMEDIES<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE THE CASE |

Petitioner has filed a First Amended Petition for Writ of Habeas Corpus following dismissal of the original petition for failure to demonstrate exhaustion of state remedies.  The Court advised Petitioner of the deficiency and granted him an opportunity to demonstrate full exhaustion.  He has failed to do so; therefore, the petition will be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.[1]

**PROCEDURAL HISTORY**

A.　Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify

---

[1] Petitioner consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) on August 19, 2016.

1

1     the petitioner.

2     The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

3     habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss,

4     or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed

5     without leave to amend unless it appears that no tenable claim for relief can be pleaded were such

6     leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

7          B.   Exhaustion of Remedies

8          A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

9     petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

10    exhaustion doctrine is based on comity to the state court and gives the state court the initial

11    opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S.

12    722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th

13    Cir. 1988).

14         A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

15    full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

16    Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

17    F.3d 828, 829 (9th Cir. 1996).  In this instance, the highest state court would be the California Supreme

18    Court.  A federal court will find that the highest state court was given a full and fair opportunity to

19    hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

20    basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual

21    basis).

22         Additionally, the petitioner must have specifically told the state court that he was raising a

23    federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th

24    Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

25    Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

26         Here, Petitioner is in the custody of the Fresno County Jail on charges of failing to register as a

27    sex offender after having had his parole from an earlier conviction revoked.  (Doc. 7).  Petitioner

28    contends that the constitutional prohibition on double jeopardy has been violated because he has been

2

1   tried and sentenced twice for stealing the same vehicle.  (Doc. 7, p. 5).

2          In the Court's prior order, the Court noted Petitioner's allegation that he had attempted to seek

3   relief in the Fresno County Superior Court; however, Petitioner failed to allege that he had presented

4   his claims to the California Supreme Court.  The Court advised Petitioner of the requirement of full

5   exhaustion and Petitioner was granted an opportunity to show that he has in fact raised his claims to

6   the California Supreme Court.  In his First Amended Petition, Petitioner again alleges only that he has

7   filed a habeas petition in the Fresno County Superior Court.  He does not state that he has pursued his

8   state remedies beyond the superior court.  Petitioner was forewarned that failure to establish that he

9   has presented his claims to the California Supreme Court would result in dismissal of the petition.

10                                                **ORDER**

11          For the foregoing reasons, the **ORDERS**:

12      1.  The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE; and

13      2.  The Clerk of Court is DIRECTED to enter judgment and terminate the case.

14

15   IT IS SO ORDERED.

16      Dated:   **September 9, 2016**                    **/s/ Jennifer L. Thurston**
17                                                 UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28